UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TreVaughn Lucas,                           Case No. 3:20-cv-1941

           Plaintiff,

v.                                          MEMORANDUM OPINION
                                                       AND ORDER

Sean Hartford, *et al.*,

           Defendants.

## I. INTRODUCTION

Defendants Toledo Correctional Institution ("ToCI"), Ohio Department of Rehabilitation and Correction ("ODRC"), Warden Harold May, Sean Hartford, Don Stewart, and Erik Sarr move to dismiss the claims filed by Plaintiff TreVaughn Lucas pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 34). Lucas filed a brief in opposition. (Doc. No. 36). For the reasons stated below, I grant Defendants' motion in part and deny it in part.

## II. BACKGROUND

On August 31, 2020, Lucas filed suit against Hartford, Stewart, and Sarr, correctional officers at the Toledo Correctional Institution. (Doc. No. 1). Lucas alleged the officers sexually assaulted him and then harassed and physically assaulted him for reporting the misconduct. (*Id.* at 4-5). Lucas filed a motion for appointment of counsel, which I initially denied before sua sponte reconsidering his motion and appointing attorney Robert Salem. (Doc. Nos. 6 and 15); (*see also* non-document entries dated December 15, 2020, and August 11, 2021).

I subsequently granted Lucas leave to file an amended complaint. (Doc. No. 21). In his amended complaint, Lucas states he is transgender and identifies as female.[1] (Doc. No. 22 at 5). He alleges Hartford, Stewart, and Sarr began harassing him in December of 2018 after learning Lucas was transgender. On December 22, 2018, the three officers transported Lucas from a cell where he was on suicide watch to an unoccupied cell. (*Id.*). Once there, Lucas alleges that, while he was still handcuffed, Hartford held him down on the cell bed and Stewart blocked the door while Sarr digitally penetrated Lucas's anus. (*Id.*). Lucas asserts Hartford, Stewart, and Sarr "then subjected [him] to harassment, humiliation, and improper treatment," including allegedly telling Lucas they would "'fuck [him] up for telling [his] boss what happened,'" spitting in his food, threatening to spray him with mace, throwing his toothbrush and other property in the toilet, using racial slurs, and injuring his hand.[2] (*Id.* at 6) (alterations by Lucas).

Based on these allegations, Lucas brings claims for violation of his constitutional and civil rights, pursuant to 42 U.S.C. § 1983, as well as claims under Ohio law for assault, battery, false imprisonment, and intentional infliction of emotional distress.

### III.  STANDARDS

A party may move to dismiss claims alleged against it for lack of subject matter jurisdiction by filing a motion under Rule 12. Fed. R. Civ. P. 12(b)(1). Defendants may make either a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1). *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "The plaintiff bears the burden of establishing that jurisdiction exists." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012) (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)).

---

[1]  Lucas uses male pronouns in his First Amended Complaint. (*See* Doc. No. 22 at 5).

[2]  The facts Lucas alleged in his original *pro se* complaint are substantially similar to those alleged in the amended complaint. (*See* Doc. No. 1).

A defendant also may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. DISCUSSION

Lucas asserts a total of six causes of action: (1) a § 1983 claim for violation of his civil rights against all of the Defendants; (2) a § 1983 claim against ODRC and ToCI for creating and maintaining a custom and practice which failed to prevent the sexual abuse Lucas suffered; (3) a claim for assault under Ohio law against Sarr; (4) a claim for battery under Ohio law against Sarr; (5) a claim for false imprisonment under Ohio law against Sarr, Hartford, and Stewart; and (6) a claim for intentional infliction of emotional distress under Ohio law against all Defendants. He seeks compensatory and punitive damages, injunctive relief, and attorney fees. (Doc. No. 22 at 15-16).

### A. CLAIMS AGAINST ODRC, ToCI, AND MAY

Defendants first argue that all of Lucas' claims against ODRC, ToCI, and May must be dismissed because they are barred by the statute of limitations. (Doc. No. 34 at 7-9).

Lucas argues his claims are timely because I granted him leave to amend his complaint, and federal courts consistently hold that "'a claim set forth in an amended pleading is timely under the applicable statute of limitations, if the motion for leave to amend was filed before the statute of limitations had run.'" (Doc. No. 36 at 9) (quoting *United States v. Katz*, 494 F. Supp. 2d 641, 644 (S.D. Ohio 2006)) (Lucas's added emphasis removed).

3

Section 1983 claims arising from conduct in Ohio are subject to a two-year statute of limitations. *See, e.g., Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing Ohio Rev. Code § 2305.10). Lucas's amended complaint, which first named the ODRC, ToCI, and May as defendants, was filed on January 28, 2022, more than three years after the alleged assault on December 18, 2018, as well as the last act of harassment alleged in Lucas's original complaint. (*See* Doc. No. 1 at 5) (alleging his personal property was thrown in the toilet on January 17, 2019).

While I granted Lucas leave to file an amended complaint, that order came well after the limitations period expired, not before. (*See* Doc. No. 21) (granting leave on November 3, 2021, to Lucas to file an amended complaint by January 30, 2022). Thus, *Katz* and similar cases do not save Lucas' claims against the ODRC, ToCI, and May.

Lucas also argues that these claims are timely because they relate back to the filing of his original, timely complaint. (Doc. No. 36 at 10-11). But it is settled law within the Sixth Circuit "that an amendment which adds a new party creates a new cause of action[,] and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (citations and internal quotation marks omitted). "[W]hen '[t]he effect of Plaintiff's amendment is to add another party[,]' it 'establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court.'" *Id.* (quoting *U.S. ex rel. Statham Instruments, Inc. v. W. Cas. & Sur. Co.*, 359 F.2d 521, 523 (6th Cir. 1966)) (first alteration added).

Though Lucas argues the new defendants had actual or constructive notice of this litigation, that inquiry matters only if there was a mistake in the original complaint regarding the identity of the proper party to be named as a defendant. *See, e.g., Force v. City of Memphis*, 101 F.3d 702, 1996 WL

4

665609, at *3 (6th Cir. 1996) (citing Fed. R. Civ. P. 15(c)) (unpublished table decision). That circumstance does not apply in this case.

Next, Lucas contends I should apply the doctrine of equitable tolling to extend the limitations period and to permit his claims against the ODRC, ToCI, and May to proceed. (Doc. No. 36 at 11-12). He asserts the limitations period should be equitably tolled because: (1) "his attempts at reporting his abuse were repeatedly rebuffed and these attempts even subjected him to retaliatory harassment"; (2) the Covid-19 pandemic caused "institutions [to be] shut down and court dockets [to be] halted"; and (3) it took ten months for counsel to be appointed after the date on which I *sua sponte* reconsidered his motion for the appointment of counsel. (*Id.* at 12).

"Equitable tolling allows a federal court 'to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014) (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)) (further citation and internal quotation marks omitted). The doctrine of equitable tolling is one invoked only "sparingly." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)).

I conclude Lucas fails to show equitable tolling should be applied here. First, while Lucas's allegations of misconduct are entitled to a presumption of truth at this stage of the proceedings, he does not explain how that alleged misconduct justifies equitable tolling. The alleged actions of the original Defendants did not prohibit him from timely filing his original complaint. And Lucas has not identified any subsequent actions by the original or amended Defendants which prohibited him from timely amending his complaint to include the ODRC, ToCI, or May.

Second, Lucas has not shown the Covid-19 pandemic specifically inhibited his attempts to file an amended complaint within the limitations period. "Some courts have indeed recognized that

5

the COVID-19 pandemic may lead to an extraordinary circumstance warranting tolling." *United States v. Marshall*, No. 5:18-CR-00122-KKC-MAS-1, 2021 WL 3854469, at *2 (E.D. Ky. Aug. 5, 2021), *report and recommendation adopted,* No. CR 5:18-122-KKC, 2021 WL 3854749 (E.D. Ky. Aug. 27, 2021) (citing cases). But generalized allegations are not enough – Lucas must explain precisely how the pandemic prevented him from complying with the statute of limitations. *See, e.g., United States v. West*, 578 F. Supp. 3d 962, 966-67 (N.D. Ohio 2022). He has not done so.

Finally, the delay in the final appointment of counsel does not justify the application of the doctrine of equitable tolling either.[3] The limitations period already had expired by the time I *sua sponte* reconsidered Lucas's motions for counsel. There is no statutory or constitutional right to counsel in civil cases, *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996), and Lucas's lack of legal knowledge, whether of the statute of limitations or of his potential claims against the amended Defendants, is not sufficient to warrant the application of equitable tolling. *See, e.g., Graham-Humphreys*, 209 F.3d at 561-62.

Therefore, I conclude Lucas's claims against ODRC, ToCI, and May do not relate back to the filing of his original complaint, and they are barred by the statute of limitations.[4] I grant Defendants' motion on this basis.

---

[3] While this period lasted far longer than I would have liked, the Clerk of Court contacted three other attorneys during that time period and requested they review the case for conflicts of interest before Mr. Salem graciously agreed to accept this case and represent Lucas.

[4] Further, even if they were timely, Lucas's § 1983 claims against ToCI and the ODRC would fall short because neither of those entities are "persons" subject to suit under § 1983. *See, e.g., Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will v. Mich. Dep't of Corr.*, 491 U.S. 58, 71 (1989)); *Hix v. Tenn. Dep't of Corr.*, 196 F App'x 350, 355-56 (6th Cir. 2006).

### B. CLAIMS AGAINST HARTFORD, STEWART, AND SARR

#### 1. State Law Claims

Defendants also argue Lucas's state law claims against Hartford, Stewart, and Sarr are barred by the applicable statutes of limitation. (Doc. No. 34 at 8-9). This argument falls short. A plaintiff's amended complaint relates back to the date of the original complaint – and thus is not barred by the statute of limitations – when "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading". Fed. R. Civ. P. 15(c)(1)(B). Lucas's state law claims arising from the same set of circumstances Lucas pled in his original complaint. Therefore, those claims relate back to the filing of his original complaint and are not barred by the statute of limitations.

But this does not mean Lucas may proceed with his state law claims. As I noted above, Lucas asserts claims under Ohio law for assault, battery, false imprisonment, and intentional infliction of emotional distress. He seeks compensatory and punitive damages due to the officers' alleged misconduct. (Doc. No. 22 at 12-15).

But the State of Ohio "has not waived sovereign immunity for state law damages claims against the State in federal court." *Jones v. Hamilton Cnty. Sheriff*, 838 F.3d 782, 786 (6th Cir. 2016) (citing *Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985)) (emphasis omitted). The doctrine of sovereign immunity generally bars state law claims against state actors like Hartford, Stewart, and Sarr in federal court, whether those claims are against the state actor in his official capacity, *Jones*, 838 F.3d at 786, or his individual capacity. *Williamson v. Slusher*, No. 17-4271, 2018 WL 11303086, at *3 (6th Cir. Oct. 29, 2018) (citing Ohio Rev. Code § 9.86 and § 2743.02(F), and *McCormick v. Miami Univ.*, 693 F.3d 654, 664-65 (6th Cir. 2012)). There is a limited exception to this rule – if Lucas first had filed a complaint with the Ohio Court of Claims, *see, e.g., In re Ohio Execution*

7

*Protocol Litigation*, 709 F. App'x 779, 781 (6th Cir. 2017) – but Lucas does not assert he did so. Therefore, his claims do not fall within that exception.

Because Lucas's state law claims against Hartford, Stewart, and Sarr are barred by the doctrine of sovereign immunity, I grant the Defendants' motion and dismiss those claims.

### 2. Section 1983 Claims

Lucas asserts § 1983 claims against Hartford, Stewart, and Sarr in their personal and official capacities and seek damages and injunctive relief. (Doc. No. 22 at 3-4, 15-16).

Defendants argue Lucas's § 1983 claims for damages against Hartford, Stewart, and Sarr in their official capacities are barred by the Eleventh Amendment and, therefore, those claims should be dismissed.[5] (Doc. No. 34 at 10-11). I agree, as the Eleventh Amendment bars a plaintiff's claim where "'State officials are sued for damages in their official capacity.'" *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)) (further citation omitted).

Defendants also argue Lucas's § 1983 claims for injunctive relief against the officer Defendants in their official capacities are barred by the Eleventh Amendment because "there is no purported ongoing constitutional violation that requires prospective relief." (Doc. No. 34 at 15). A plaintiff may proceed with a lawsuit against state officials in their official capacity when the plaintiff seeks prospective relief – that is, relief which "merely compels the state officers' compliance with federal law in the future." *Doe v. Wigginton*, 21 F.3d 733, 737 (6th Cir. 1994) (citing *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)). The Eleventh Amendment does not bar a plaintiff's claims for injunctive relief against the defendants in their official capacity when those claims "do not seek to remedy a past constitutional violation, but instead seek to prevent future ones." *Doe*, 21 F.3d at 737.

---

[5] Defendants do not challenge Lucas's § 1983 claims from damages against the officers in their individual capacities, as the "Eleventh Amendment . . . does not bar suits for damages against officers in their personal capacity under § 1983." *Maben*, 887 F.3d at 270 (citing *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991)).

8

Defendants' argument is not persuasive. As they concede, the focus of this inquiry is on the facts alleged in the complaint, and not the merits of those claims. (Doc. No. 34 at 14) (citing *League of Women Voters v. Brunner*, 548 F.3d 463, 474-75 (6th Cir. 2008)). Lucas alleges the officer Defendants violated his constitutional rights when they assaulted him and then retaliated against him for reporting the assault. He seeks to prevent himself and other inmates from being subjected by staff members to sexual assault and related misconduct in the future, including through the implementation of required LGBTQIA+ educational training. (Doc. No. 22 at 8, 16).

The facts Lucas alleges support his requested remedy of legal "'compliance in the future,'" and therefore his claims "are claims for prospective relief." *Doe*, 21 F.3d at 737 (quoting *Edelman*, 415 U.S. at 668, and citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). I deny Defendants' motion to dismiss Lucas' § 1983 claims against Hartford, Stewart, and Sarr to the extent those claims seek injunctive relief.

### D. DEFENDANTS' REMAINING ARGUMENTS

Defendants offer two additional lines of argument. First, they contend Lucas failed to allege which of the defendants engaged in some of the acts of misconduct alleged in the complaint and, "[a]s a result, Plaintiff's claims against any and all of the defendants named to this action stemming from these specific incidents must be dismissed." (Doc. No. 34 at 14). Specifically, Defendants challenge the allegations that: (a) Lucas was denied a shower and recreation time; (b) Lucas was denied a phone call to report the harassment; (c) Lucas was injured by a guard while his hands were in the cuff port; and (d) Lucas's cell was "ransacked" and some of his belongings thrown in the toilet. (*Id.* at 13-14).

The basis for this argument, and Defendants' desired outcome, is not clear. Defendants acknowledge Lucas has stated sufficient facts to demonstrate the personal involvement of Hartford, Stewart, and Sarr in the alleged violation of his constitutional and civil rights. (*Id.* at 13). They do

9

not assert Lucas has failed to allege a plausible claim for relief against the officer Defendants, implicitly acknowledging there are sufficient factual allegations to support Lucas' § 1983 claims, at this time and in their circumscribed form.

Removing the challenged allegations would have no practical effect on this litigation. It would not eliminate any claims for relief. It would not affect the scope of discovery in this matter. And it would not prohibit Lucas from prevailing on his claims if discovery shows one or more of the officer Defendants engaged in the misconduct alleged. Defendants' argument looks more like a motion to strike pursuant to Rule 12(f), but they have not identified "any redundant, immaterial, impertinent, or scandalous matter" in the amended complaint. Fed. R. Civ. P. 12(f).

In short, Defendants have not identified a legal basis for their request or any practical consequences which might result if I were to grant the motion. Therefore, I deny their motion on this basis.

Second, they argue Lucas's claims should be dismissed pursuant to Rule 4(m) and Rule 12(b)(4) for failure to timely serve Hartford, Stewart, and Sarr with the complaint as required by Rule 4. (Doc. No. 34 at 15-16). But "Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that[,] when a plaintiff is proceeding in forma pauperis[,] the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

The Local Civil Rules require that a *pro se* plaintiff's complaint be reviewed to determine whether *sua sponte* dismissal pursuant to § 1915(e)(2) is appropriate before the court directs the U.S. Marshal to serve the summons and complaint. L. Civ. R. 4.1(a). Lucas was granted leave to proceed in forma pauperis on December 15, 2020, after completion of the § 1915 review, and the Clerk of

10

Court issued the summons and complaint to the U.S. Marshal on January 21, 2021. At that point, it was no longer Lucas's burden to perfect service. Accordingly, dismissal pursuant to Rule 4(m) would be improper, and I deny Defendants' motion on this basis.

## IV. CONCLUSION

For the reasons stated above, I grant Defendants' motion to dismiss in part and deny it in part. (Doc. No. 34). Lucas' § 1983 claims against Hartford, Stewart, and Sarr in their official capacity for injunctive relief, and in their personal capacity for damages, remain pending.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge